[Cite as *State v. Grimes*, 2011-Ohio-4405.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 94808

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# EMMANUEL GRIMES

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-513302

**BEFORE**:    Kilbane, A.J., Boyle, J., and Rocco, J.

**RELEASED AND JOURNALIZED:**    September 1, 2011

**ATTORNEY FOR APPELLANT**

Kevin M. Cafferkey
2000 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Brian S. Deckert
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, A.J.:

{¶ 1} Defendant-appellant, Emmanuel Grimes, appeals from his conviction for aggravated robbery. For the reasons set forth below, we affirm.

{¶ 2} Defendant was indicted in three separate cases in connection with offenses that were alleged to have occurred on July 1, 2008, July 5, 2008, and November 15, 2008. In the first case, Case No. CR-514165, defendant was charged with drug trafficking, with a juvenile specification, and a specification for the forfeiture of $70 in connection with a traffic stop that occurred on July 1, 2008.

{¶ 3} Defendant's vehicle was impounded following his arrest in that matter, and he was subsequently indicted in this matter, Case No. CR-513302, for allegedly robbing his girlfriend of her vehicle at gunpoint on July 5, 2008. In Count 1, defendant was charged with aggravated robbery in violation of R.C. 2911.01(A)(1), and in Count 2, defendant was indicted for robbery in violation of R.C. 2911.02(A)(2). Both counts contained one- and three-year firearm specifications and a specification for the forfeiture of a .40 caliber handgun. In Count 3, defendant was indicted for grand theft of a motor vehicle in violation of R.C. 2913.02(A)(1), with one- and three-year firearm specifications. Count 4 charged him with having a weapon while under disability in violation of R.C. 2923.13(A)(3). Count 5 charged him with carrying a concealed weapon in violation of R.C. 2923.12(A)(2), and Count 6 charged him with improper handling of a firearm in a motor vehicle in violation of

R.C. 2923.16(B). Counts 4, 5, and 6 also contained specifications for the forfeiture of a .40 caliber handgun.

{¶ 4} Thereafter, on January 29, 2009, defendant was indicted in the third matter for intimidation and telecommunications harassment for allegedly threatening a witness, Case No. CR-520047, on November 15, 2008.

{¶ 5} Defendant pled not guilty to all charges. All of the matters were subsequently scheduled for trial on January 12, 2010. Defendant's trial counsel was unavailable on that date, and the next day, January 13, 2010, the matters proceeded to trial. On that date, the State made an oral motion to consolidate all three matters into a single trial arguing that "[e]ach case * * * is the motivation for the case after it," that consolidation served the interests of judicial economy, and that the jury would not be lost or confused by the evidence. The defense objected, maintaining that the drug case bore no relation to the other cases and that consolidation would prejudice the defendant. The trial court granted the motion, concluding that the cases are based upon connected transactions and that a jury could clearly understand the evidence related to each separate incident. Defendant waived his right to a jury trial on Count 4, the charge of having a weapon while under disability, and the matter proceeded to a jury trial on the remaining charges on January 13, 2010.

{¶ 6} The State's evidence demonstrated that on July 1, 2008, Cleveland Police Officers Joseph Hageman and Brian Moore were patrolling the area of East 185th Street and

St. Clair Avenue and observed defendant operating a white Pontiac Bonneville with a cracked windshield. The officers stopped defendant's car for operation of an unsafe vehicle. During this traffic stop, the officers observed an unlit suspected marijuana cigar or "blunt" in the ashtray. Defendant was arrested for transporting drugs in a vehicle. While speaking with the passenger, the officers observed a baggie containing smaller baggies of suspected marijuana on the floor of the passenger side of the vehicle. Defendant's vehicle was then towed.

{¶ 7} The State's evidence further indicated, with regard to the instant matter, that on July 5, 2008, following his initial arrest on the drug-related offenses, defendant's girlfriend, Dominique Sankey, went to his house. Defendant explained that his car had been impounded by police and he asked to borrow her car, a 2005 Malibu. Sankey wanted to be present while defendant had the car, so she refused the request, but offered to drive defendant where he wanted to go.

{¶ 8} Sankey left defendant's house, and by the late afternoon she returned to her apartment at 18709 Lorain Road in Fairview Park. As she drove into the parking lot, defendant approached and demanded her car. Sankey refused to give him the car. Defendant pulled out a black gun and said that she had better give him the car, then aimed the gun at the lower part of her body. She gave him the keys, and he then left in her car.

{¶ 9} Sankey further testified that she immediately called the Fairview Park Police.

Officers Jeffrey Jurcak and Paul Shepard arrived at the apartment a short time later. Defendant called Sankey while the officers were there, and the officers instructed him to return the vehicle to Sankey. Defendant informed Sankey that he would leave the vehicle at Kamm's Corners Shopping Plaza in Cleveland.

{¶ 10} Approximately two hours after reporting the vehicle stolen, Sankey went to Kamm's Corners with her cousin to meet defendant. At this time, however, defendant refused to return the car until the women agreed to bring him his bicycle from Sankey's apartment. Sankey's cousin went to get the bicycle, and Sankey and defendant went to the parking lot of a nearby bank.

{¶ 11} Cleveland Police Officer James Zak testified that after receiving a broadcast that defendant was in Sankey's Malibu in the Kamm's Corners Shopping Plaza, he observed the Malibu parked behind a bank and a man fitting the description of the suspect walking nearby. Zak stopped this individual, who identified himself as defendant. Zak patted defendant down and found a key ring with a Disney charm, but no automobile keys and no handgun. Zak learned that the key ring belonged to Sankey so he had the Malibu impounded.

{¶ 12} Fairview Park Police Evidence Technician John Manion processed the vehicle at the impound lot. Officer Manion testified that he found a loaded .40 caliber Hi Point handgun, an extra magazine, and a black neoprene cold weather mask inside the vehicle, and photographed these items.

{¶ 13} The handgun was later determined to be operable. Defendant also stipulated that he was convicted of felony offenses in two separate cases in 2003.

{¶ 14} The State then presented evidence that on November 15, 2008, while defendant was incarcerated, he called the home of Dominique Sankey, and told her mother, Marie Johnson, that if Sankey testified against him, he would have someone harm her.

{¶ 15} Following the presentation of the State's case, the matter was submitted to the jury. In this matter, the jury convicted defendant of aggravated robbery as charged in Count 1, robbery as charged in Count 2, grand theft, as charged in Count 3, carrying a concealed weapon as charged in Count 5, and improper handling of a firearm as charged in count 6, as well as all of the specifications for those charges. The court convicted defendant of having a weapon while under disability plus the forfeiture specification as charged in Count 4. The trial court then merged the aggravated robbery and robbery convictions and the firearm specifications, and sentenced defendant to a total of seven years of imprisonment, plus five years of mandatory postrelease control sanctions.

{¶ 16} Defendant was also convicted of drug trafficking and the forfeiture specification in Case No. CR-514165, which is the subject of Appeal No. 94827. Defendant was acquitted of the charges in Case No. CR-520047.

{¶ 17} Defendant now appeals and assigns the following error for our review:

**"The conviction of appellant is against the manifest weight of the evidence."**

{¶ 18} Within this assignment of error, defendant argues that the jury lost its way in convicting him of the offense of aggravated robbery.

{¶ 19} In determining whether a conviction is against the manifest weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. *State v. Thompkins,* 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 54, citing *Tibbs v. Florida* (1982), 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652. The reviewing court must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id., quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.

{¶ 20} The appellate court may not merely substitute its view for that of the jury, and reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." Id., quoting *Martin*.

{¶ 21} Aggravated robbery is defined in R.C. 2911.01(A)(1) as follows:

**"(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:**

**(1)  Have a deadly weapon on or about the offender's person or under the offender's control and either**

**display the weapon, brandish it, indicate that the offender possesses it, or use it[.]"**

{¶ 22} In this matter, after examining the entire record, weighing the evidence and all reasonable inferences, we conclude that the manifest weight of the evidence supports defendant's conviction for aggravated robbery.

{¶ 23} In this matter, the State presented evidence that defendant asked to borrow Dominique Sankey's vehicle. Sankey refused to allow him to take the car, and defendant later confronted her in the parking lot of her apartment and demanded the vehicle. When Sankey again refused to give defendant the car, defendant aimed a handgun at her and then took her car. Later, after the vehicle had been impounded by police, a loaded .40 caliber handgun discovered inside the vehicle. The defendant did not present evidence. From the foregoing, the jury did not lose its way and create a manifest miscarriage of justice in concluding that defendant, in committing a theft offense, had a deadly weapon under his control and displayed and brandished it. The conviction for aggravated robbery is not against the manifest weight of the evidence.

The assignment of error is without merit and overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's

conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
KENNETH A. ROCCO, J., CONCUR